# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| LEKIA HENDERSON and<br>KEVIN HENDERSON | CIVIL ACTION NO. 11-CV-00709 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| PROCTOR & GAMBLE MANUFACTURING, Individually and d/b/a CLAIROL, INC., ET AL | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

For the reasons stated herein, the above styled and numbered cause is hereby REMANDED sua sponte to the 42nd Judicial District Court for DeSoto Parish, Louisiana.

PROCEDURAL BACKGROUND

Plaintiffs filed the instant action on April 5, 2011, in the 42nd Judicial District Court, in and for DeSoto Parish, Louisiana, alleging Ms. Henderson sustained personal injuries after using a hair care product which she purchased at a Family Dollar store in Logansport, Louisiana, on April 9, 2010. According to Plaintiffs' Petition for Damages [Record Document 1-2], Ms. Henderson experienced an allergic reaction to a certain chemical found in the product, "Clairol Balsam Color, #12 Natural Black," which required medical treatment, including a three day hospital stay, and presently ongoing treatment for asthma, a condition which developed as a result of her exposure to this product. See Id. Among the defendants named in Plaintiff's suit are the seller of the product, Family Dollar of Louisiana, Inc. ("Family Dollar"); the manufacturer, Proctor & Gamble MFG; the distributor,

Proctor & Gamble Distributing; and third party administrator, Risk Enterprise Management Ltd ("REM").  Defendants, P&G Clairol, Inc. ("Clairol," incorrectly named as Proctor & Gamble MFG and Proctor & Gamble Distributing) and REM filed a Notice of Removal [Record Document 1] on May 6, 2011, alleging that Family Dollar, the only non-diverse defendant in this case, was improperly joined by Plaintiffs to defeat diversity jurisdiction.  A Removal Order [Record Document 3] was issued by this Court on May 11, 2011, prior to the filing of a responsive pleading by Family Dollar.  Family Dollar filed a Motion to Dismiss [Record Document 9] on June 23, 2011, contending that claims against it should be dismissed for Plaintiffs' alleged failure to state a claim, or in the alternative, based upon the pleadings.

LAW AND ANALYSIS

Title 28 of the United States Code, Section 1441(b) provides:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b) (emphasis added).

Diversity jurisdiction was designed to protect out-of-state defendants from possible prejudices in state court, but the forum-defendant rule exists because those concerns are obviated in cases where the defendant is a citizen of the state in which the case is brought. See Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 553, 125 S.Ct. 2611,

2617, 162 L.Ed.2d 502 (2005). The "properly joined and served" provision of § 1441(b) prevents a plaintiff from joining a resident defendant against whom the plaintiff knows it cannot successfully proceed in order to defeat subject matter jurisdiction.

To demonstrate "improper" or "fraudulent joinder," the removing defendants must show either (1) actual fraud in the pleading of jurisdictional facts, or (2) that the plaintiff is unable to establish a cause of action against the nondiverse defendant.[1] Campbell v. Stone Ins., 509 F.3d 665, 669 (5th Cir. 2007). Under the second prong, "the court must determine whether 'there is arguably a reasonable basis for predicting that state law might impose liability.'"[2] Id. (quoting Ross v. Citifinancial, Inc., 344 F.3d 458, 462 (5th Cir. 2003), cert. denied, 546 U.S. 813, 126 S.Ct. 335, 163 L.Ed.2d 48 (2005)). "This means that there must be a reasonable possibility of recovery, not merely a theoretical one." Id. (emphasis in original). The Court must take into account "all unchallenged factual allegations, including those in the complaint, in the light most favorable to the plaintiff" and "must resolve all ambiguities of state law in favor of the non-removing party." Campbell, 509 F.3d at 659 (quoting Ross, 344 F.3d at 463; Travis v. Irby, 326 F.3d 644, 649 (5th Cir. 2003)).

---

[1] The burden of establishing improper joinder rests on the removing defendants, and the Fifth Circuit has emphasized that this burden is a "heavy one." McDonal v. Abbott Laboratories, 408 F.3d 177, 183 (5th Cir. 2005) (quoting Griggs v. State Farm Lloyds, 181 F.3d 694, 701 (5th Cir. 1999)).

[2] Because defendants do not claim "actual fraud in the pleading of jurisdictional facts" (See Record Documents 1 and 9), the Court need only to determine whether Plaintiffs have established a cause of action against Family Dollar.

Defendants contend Plaintiffs' Petition fails to state a cause of action against Family Dollar, a nonmanufacturer seller, under Louisiana law. See Record Document 1. Of course, Louisiana law does provide recovery against a seller for damages sustained from the use of defective products. See La. Civ. Code arts 2520, 2545. Plaintiffs have alleged Family Dollar sold Ms. Henderson a defective product which caused her injury; thus, this is not a case of a nominal defendant being joined to defeat diversity jurisdiction. The absence of allegations specific to the nature and extent of Family Dollar's knowledge is easily curable by Plaintiffs, if necessary. When considering all of the factual allegations of the Petition in a light most favorable to Plaintiffs, there is certainly a reasonable possibility of recovery against Family Dollar, a resident defendant.

## CONCLUSION

The Court, having found that it lacks subject matter jurisdiction in this action,

**IT IS ORDERED** that the above styled and numbered cause be remanded to the 42nd Judicial District Court in and for the Parish of DeSoto, State of Louisiana, in accordance with the provisions of 28 U.S.C. § 1447(c).

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 1st day of November, 2011.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE